Estate of Jacob M. Eisenberg, Thomas W. Baylek, Joseph Eisenberg and Samuel Ratner, Executors and Trustees v. Commissioner.
Estate of Jacob M. Eisenberg v. Commissioner
Docket No. 10505.
United States Tax Court
1947 Tax Ct. Memo LEXIS 160; 6 T.C.M. (CCH) 771; T.C.M. (RIA) 47184; June 27, 1947
*160 William B. Kaufman, C.P.A., 152 W. 42nd St., New York 18, N.Y., for the petitioner. Fred R. Tansill, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in income tax for 1940 of $498.70 is in issue. The matter in dispute is whether dividends on stock claimed adversely to the petitioner estate should have been accrued by it as income in that year. All of the facts have been stipulated. They are hereby found accordingly. Petitioner's decedent died testate on August 24, 1940. Its tax return for the year 1940 was filed on an accrual basis with the collector for the third collection district of New York. Shortly before his death, decedent turned over physical possession of certain unendorsed stock certificates to his nephew, Joseph Eisenberg, who is an executor and remainderman under decedent's will. The stock was registered in decedent's name and the dividend checks during the remainder of 1940 were issued accordingly. Joseph Eisenberg claimed that the stock had been given to him by decedent, and continued to hold physical possession of the stock and to assert his claim of ownership both to the stock and to the dividends. The latter, *161 in the amount of $1,120, were received by the executors, of whom Joseph Eisenberg, was one, endorsed by them, and deposited in petitioner's general funds, but pursuant to agreement with Joseph Eisenberg were carried on petitioner's records in a "suspense account" pending final determination of his claim. The securities in controversy had a value of $19,672.50 at decedent's death. On November 28, 1944, the New York County Surrogate's Court recorded acceptance, and permitted a special guardian's approval, of a settlement of Joseph Eisenberg's claim by which he was to receive $10,000 from petitioner, $8,367 to be charged against principal and $1,633 to be charged against income. The securities were then delivered. Petitioner thereupon reported as income for 1944 $11,832, which was the total of all dividends received for the five years less $1,633. Respondent insists that the dividends in question were physically paid to petitioner, that they were received under a claim of right and that there was no restriction as to their disposition, . We do not agree. Not only was the suspense-account device a definite limitation *162 on petitioner's freedom of action - see - not only was Joseph Eisenberg himself in a position to enforce respect for its observance as one of the executors, but these facts do not present an apt occasion for application of the "claim of right" principle. Petitioner did not receive the dividends in dispute under its claim of right, though, to be sure it consistently asserted such a claim. It received them only by virtue of an agreement with the adverse claimant. Had an escrow fund been established in the name of a trustee to receive and hold these payments in suspense, see , affirmed (C.C.A., 2nd Cir.) , petitioner's right to accrual would clearly have no foundation. See , affirmed (C.C.A., 2nd Cir.) , certiorari denied . The agreement it made with the other party to the dispute was of the same effect. See . This is not an instance of a merely colorable dispute, or one where either the validity or *163 ultimate amount of the claim could be adequately foretold. Cf. . The settlement to which the Surrogate finally gave his approval actually included an amount allocated to income which exceeded the total of the dividends for the year before us. It seems inevitable that had the full amount then been reported some subsequent adjustment for the excessive accrual would have ensued. See (May 26, 1947). Such a situation is sometimes inescapable, cf. , but it gives rise to difficulties and conplications which it is better for all concerned to avoid, if possible. Cf. (March 27, 1947). Petitioner followed a consistent course, and reported all of the dividends when the dispute was settled. In the meantime we think these facts cast a sufficient doubt upon collectibility and limited petitioner's relationship to the situation to such an extent as to warrant postponement of the accrual. Decision will be entered under Rule 50.